UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:12-CR-501-T-35AEP

JOSE MIGUEL CORDERO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Robert E. O'Neill, United States Attorney for the Middle District of Florida, and

the defendant, JOSE MIGUEL CORDERO, and the attorney for the defendant,

Adam S. Tanenbaum, mutually agree as follows:

A.      **Particularized Terms**

1.      Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with Access with Intent to View

Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

2.      Maximum Penalties

Count One carries a maximum sentence of ten (10) years

imprisonment, a fine of $250,000, a term of supervised release of at least five (5)

years, and a special assessment of $100 per felony count, said special

Defendant's Initials _____                    AF Approval _____

assessment to be due on the date of sentencing.  With respect to certain

offenses, the Court shall order the defendant to make restitution to any victim of

the offense(s), and with respect to other offenses, the Court may order the

defendant to make restitution to any victim of the offense(s), or to the

community, as set forth below.

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to which

defendant is pleading guilty.  The elements of Count One are:

First:      The defendant knowingly accessed with the
            intent to view a visual depiction;

Second:   That visual depiction had been mailed, shipped, or
            transported in interstate commerce, by any means,
            including by computer;

Third:     The production of the visual depiction involved the
            use of minor engaging in sexually explicit conduct;

Fourth:    The visual depiction was of such conduct; and

Fifth:     The defendant had knowledge that the visual
            depiction involved the use of one or more minors
            engaged in sexually explicit conduct.

4.   Indictment Waiver

Defendant will waive the right to be charged by way of indictment

before a federal grand jury.

Defendant's Initials _____     2

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG

Defendant's Initials _____         3

§3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

    8.    <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recomend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____        4

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim.

Defendant's Initials _____         5

P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

Defendant's Initials     6

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to

Defendant's Initials _____     7

reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United

Defendant's Initials _____          8

States, the United States may move the Court to declare this entire plea agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following: Hewlett Packard laptop serial number CDN614021R which was used or intended to be used to commit or to promote the commission the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _____          9

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after

Defendant's Initials _____        10

sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from

Defendant's Initials _____        11

application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

13.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Immigration and Customs Enforcement, Army Criminal Investigative Division or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America

Defendant's Initials _____        12

with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: Hewlett Packard laptop, serial number CDN614021R

14.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the

Defendant's Initials _____        13

defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

   1.   Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

   2.   Supervised Release

   The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials _____        14

conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

Defendant's Initials _____          15

recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____          16

5.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____        17

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those

Defendant's Initials _____          18

rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.     <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

Between July 13, 2006 and October 3, 2010, Jose Miguel Cordero accessed with the intent to view child pornography and received child pornography via the Internet.

Defendant's Initials _____        19

On July 13, 2006, December 2, 2006, December 21, 2006, and December 25, 2006, Cordero made credit card purchases via PayPal for access to a website containing child pornography.

Pursuant to a federal search warrant obtained in 2010, law enforcement seized a Hewlett Packard laptop computer, serial number CDN614021R.  A forensic review of the laptop computer revealed at least ten but less than 150 images of child pornography, that is images of minors engaging in sexually explicit conduct.   The forensic evidence indicated that at least two child pornography files had been downloaded via LimeWire.

Cordero admitted on October 3, 2010, and again on August 5, 2011, that he viewed child pornography online and subscribed to a website that offered images of child pornography.  He further admitted that he accessed Internet websites with the intent to view child pornography.

10.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____                    20

11.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this 15TH day of October 2012.

*November*

ROBERT E. O'NEILL
United States Attorney

_____          By: _____
JOSE MIGUEL CORDERO                       JENNIFER L. PERESIE
Defendant                                 Assistant United States Attorney

_____          _____
ADAM S. TANENBAUM                         W. STEPHEN MULDROW
Attorney for Defendant                    Assistant United States Attorney
                                          Chief, General Crimes