FILED

2017 JUL 19 AM 11:02

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

**IN THEUNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**vs.** **Case No. 8:12-cr-00501-MSS-35AEP-1**

**JOSE MIGUEL CORDERO**

______________________________/

**DEFENDANT'S MOTION FOR CLARIFICATION OF SUPERVISED RELEASE CONDITIONS**

**COMES NOW** Petitioner, Jose Cordero, *pro se*, to request that this honorable Court clarify the terms and conditions of his supervised release pursuant to 18 U.S.C. §3583(e)(2)[1].

**Background**

1. On December 10, 2012, Mr. Cordero pled guilty to accessing with intent to view child pornography in violation of 18 U.S.C. § 2252(a)(5)(B).

2. On May 16, 2013, this Court sentenced Mr. Cordero to 12 months and one day imprisonment followed by 120 months of supervised release.

3. As an additional condition of his supervised release terms, Mr. Cordero is prohibited from direct contact with minors, excluding his own children, unless he first receives permission

[1] Federal Rules of Criminal Procedure 32.1(c) governs modification proceedings. The 1979 Notes of Advisory Committee state that the probationer should have the right to apply to the sentencing court for a clarification of conditions. This is important for two reasons: (1) the probationer should be able to obtain resolution of a dispute over an ambiguous term or meaning of a condition without first having to violate it; and (2) in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification.

from his probation officer. Mr. Cordero is also prohibited from places where children frequently congregate such as schools, daycare centers, playgrounds, and theme parks. Doc 17 at 3.

4. Mr. Cordero was released from prison in May 2014 and began serving his 120 month supervised release term.

5. Mr. Cordero is the owner and lead technician of a business that installs high-end audio/video/automation equipment for commercial businesses and private residences.

6. Mr. Cordero is married with two children; one of whom has Down Syndrome and requires special care. Mr. Cordero's employment is the only source of income for his family.

7. On June 13, 2017, Mr. Cordero met with his probation officer Alerson Jaquez to discuss Mr. Cordero's presence in private residences while engaged in his occupational duties as a technician.

8. Officer Jaquez expressed a concern that Mr. Cordero could come into contact with minors who may reside in the homes where Mr. Cordero is performing his occupational duties.

9. Officer Jaquez also expressed a concern for Mr. Cordero's welfare in the event a client discovered that Mr. Cordero was a convicted sex offender.

10. Mr. Cordero explained to Officer Jaquez that neither of his proffered scenarios has ever occurred during the course of his employment.

11. Officer Jaquez stated that U.S. Probation would be informing the district court of its concerns that Mr. Cordero may come in contact with a minor while working. Officer Jaquez also stated that U.S. Probation would be requesting that the district court modify Mr. Cordero's supervised release conditions to require him to submit to polygraph examinations as a means to monitor his compliance with the restriction that prohibits direct contact with minors.

12. Mr. Cordero fears that his probation officer's efforts to enforce restrictions or additional conditions will disrupt his employment. This will negatively impact Mr. Cordero's employment opportunities and reduce his income.

**Occupational Restrictions**

The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, *or limiting the terms on which the defendant may do so*, only if it determines that: (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such a restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. U.S.S.G. § 5F1.5(a). *See also*, United States v. Dempsey, 180 F.3d 1325, 1326 (11th Cir. 1999) (holding that district courts are exclusively authorized with imposing occupational restrictions as a condition of supervised release, and that probation officers lack such authority).

In Mr. Cordero's case, U.S. Probation expresses a concern that Mr. Cordero will be in violation of his supervised release condition prohibiting direct contact with minors while engaged in his occupational duties at a client's private residence. However, the Supreme Court has noted that associational conditions do not extend to casual or chance meetings, and an "occupational association, standing alone," does not provide sufficient evidence of a violation of a supervised release restriction. Arciniega v. Freeman, 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed. 2d 126 (1971); *see*, United States v. Pabon, 819 F.3d 26, 35 (1st Cir. 2016) (holding that the no-contact with minors condition only covers intentional contact); United States v. Shultz, 733 F.3d 616,

622 (6th Cir. 2013) (applying the reasoning in Arciniega that the no-contact restriction with minors is to be interpreted as not applying to incidental contacts); United States v. Johnson, 446 F.3d 272, 281 (2d Cir. 2006) (where condition barring the defendant from *indirect* contact with minors did not extend to incidental encounters); *see also*, United States v. Paul, 274 F.3d 155, 166 (5th Cir. 2001).

Aside from the fact that Mr. Cordero has not found himself in the scenarios described by his probation officer, Mr. Cordero has never had inappropriate contact with minors, nor is there a reasonably direct relationship between Mr. Cordero's occupation and the conduct relevant to his offense of conviction. In fact, Mr. Cordero was performing the same occupational duties at the time he was charged and sentenced. Yet, neither the government nor U.S. Probation expressed any of the concerns that Mr. Cordero's probation officer raises now. Given the circumstances in this case, the law simply does not support the need to restrict Mr. Cordero's occupation.

**Adding The Polygraph Condition**

The court may, after considering the factors set forth in section 3553(a), modify the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. 18 U.S.C. § 3583(e)(2). The Federal Sentencing Guidelines permit the district court to set any conditions of supervised release that are "reasonably related" to the factors enumerated in § 3553(a) "so long as the conditions 'involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth [in § 3553(a)] and are consistent with any pertinent policy statements issued by the Sentencing

Commission." United States v. Zinn, 321 F.3d 1084, 1089 (11th Cir. 2003) (citing U.S.S.G. § 5D1.3(b)). Because U.S.S.G. § 5D1.3(b) mirrors § 3583(d)(1)-(3), the Eleventh Circuit considers that guideline provision together with the statute when reviewing a special condition of supervised release. *See* United States v. Okoko, 365 F.3d 962, 965 n.5 (11th Cir. 2004) (noting that this Court considers § 5D1.3(b) in conjunction with § 3583(d) when reviewing a special condition of supervised release).

In fashioning Mr. Cordero's supervised release conditions, this Court carefully considered Mr. Cordero's case and statutory requirements, and it did not determine that it was reasonably necessary to impose a polygraph condition to assist U.S. Probation in assuring Mr. Cordero's compliance with his supervised release terms. For more than three years, Mr. Cordero has complied with his supervised release requirements without incident. Mr. Cordero's circumstances simply do not warrant the need for this Court to add a polygraph condition to his supervised release term.

## CONCLUSION

**WHEREFORE**, Mr. Cordero respectfully requests that this honorable Court grant his Motion with prejudice to clarify that Mr. Cordero may continue to engage in his occupational duties under the current terms and conditions of his supervised release without the need for an occupational restriction, or having to submit to polygraph examinations.

DATED this 17th day of July, 2017.

Respectfully Submitted,

Jose Cordero, *pro se*
4414 West Price Avenue
Tampa, FL 33611
(813)205-4565

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court this 17th day of July, 2017 via mail to:

United States Federal Courthouse
801 North Florida Avenue
Tampa, Florida 33602

And a copy furnished by mail to:

Jennifer Lynn Peresie, Assistant U.S. Attorney
400 N. Tampa Street
Suite 3200
Tampa, FL33602
(813)274-6000