UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                       CASE NO. 8:12-cr-501-T-35AEP

JOSE MIGUEL CORDERO

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION OF SUPERVISED RELEASE CONDITIONS

Defendant's motion for clarification of supervised release conditions (Doc. 19) is a motion to modify this Court's recent order (Doc. 18) that he disclose details about his work and that he notify prospective clients of his sex offender status. Because that order protects the safety of minors, the Court should deny his motion for clarification.

### Factual Background

On December 10, 2012, the defendant pleaded guilty to access with intent to view child pornography (Doc. 18). On May 16, 2013, the Court sentenced the defendant to 12 months and one day of imprisonment followed by 120 months of supervised release (Doc. 17). His supervised release terms including a condition prohibiting direct contact with minors without the permission of his probation officer and a condition requiring him to "notify third parties of risk that may be occasioned by the defendant's criminal

record." (Doc. 17 at 3, 4).

On July 7, 2017, the Court ordered the defendant (1) to disclose details about the work he performs at private residences; and (2) to notify prospective clients of his sex offender status. As the Court explained, "Probation has no other means to verify the Defendant's employment activities to ensure compliance with terms and conditions of supervised release. Further, the need to protect the public outweighs the Defendant's potential business loss." (Doc. 18 at 2).

On July 19, 2017, defendant filed a motion seeking modification of the terms of his supervised release to eliminate the conditions imposed in the July 7, 2017 court order (Doc. 19). In his motion, the defendant complains that the conditions "will negatively impact Mr. Cordero's employment opportunities and reduce his income." (*Id.* at 3). Defendant further claims that he has never had inappropriate contact with minors. (*Id.*). The motion also discusses a potential polygraph condition of supervised release (*Id.* at 4-5), but no such condition exists.

## Memorandum of Law

Contrary to the defendant's arguments, the Court's July 7, 2017 order was necessary because the defendant poses a danger to the community. His prurient sexual interest in children, as evidenced by his conviction, makes him

a serious risk to all children. Requiring the defendant to provide details on his work to Probation and details on his conviction to prospective clients minimizes the risk the defendant poses to children. *See United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009) (upholding supervised release condition limiting contact with minors).

As the Supreme Court has recognized, "the imposition of restrictive measures on sex offenders adjudged to be dangerous is a legitimate nonpunitive governmental objective and has been historically so regarded." *Smith v. Doe*, 538 U.S. 84, 93 (2003) (internal quotation and citation omitted). The conditions are necessary to protect the public from a situation where the defendant would be in close proximity to a minor. The conditions – like all conditions limiting contact with minors – "promote[] rehabilitation and protect[] the public." *Moran*, 573 F.3d at 1140.

To the extent that the defendant seeks clarification related to apolygraph condition, there is no such condition of his supervised release and thus no clarification is warranted.

## Conclusion

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion for clarification of his supervised release conditions.

        Respectfully submitted,

        W. STEPHEN MULDROW
        Acting United States Attorney

By:   */s/ Jennifer L. Peresie*
      JENNIFER L. PERESIE
      Assistant United States Attorney
      United States Attorney No. 120
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6103
      E-mail: jennifer.peresie@usdoj.gov

U.S. v. Jose Miguel Cordero					Case No. 8:12-cr-501-T-35AEP

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Adam Tanenbaum, Esq.

*/s/ Jennifer L. Peresie*
JENNIFER L. PERESIE
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:	(813) 274-6000
Facsimile:	(813) 274-6358
E-mail:		jennifer.peresie@usdoj.gov