UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-501-T-35AEP

JOSE MIGUEL CORDERO

**United States' Opposition to Defendant's Motion for
Early Termination of Supervised Release**

The United States of America responds in opposition to the defendant's Motion for Early Termination of Supervised Release (Doc. 24). For the reasons stated below, the defendant's motion should be denied.

Factual Background

On December 10, 2012, the defendant pleaded guilty to access with intent to view child pornography. Doc. 18. On May 16, 2013, the Court sentenced the defendant to a below Guidelines sentence of 12 months and one day of imprisonment followed by 120 months of supervised release. Doc. 17. After the defendant completed approximately 40 months – one-third – of his supervised release term, the defendant moved to terminate his supervised release. Doc. 30. The defendant argues that early termination from Court supervision is warranted based upon his performance on supervised release and his relatively low risk of re-offense. *Id.* The Probation Office opposes

early termination. *See* Exhibit A (email from Probation Officer Alerson Jaquez).

## Argument

The United States opposes the early termination of the defendant's supervised release. The defendant has not yet even served the five-year minimum term of supervised release specified by statute. 18 U.S.C. § 3583(k). Further, he is still in the first phase of sex offender treatment.[1] Continued supervision is necessary in light of the nature of the offense and the need to protect the public.

The nature of the defendant's criminal conduct proves that he has a prurient sexual interest in minors. This makes the defendant a risk to children.[2] In child exploitation cases such as this one, supervised release is designed to ensure that a defendant receives sex offender treatment and

---

[1] In his motion (Doc. 30 at 11), Cordero stated that he completed two sex offender treatment programs. This is untrue. As of the date of this opposition, Cordero has not yet finished any treatment programs. He is close to completing the active phase of his current program, but will be required to continue attending sex offender maintenance treatment.

[2] The defendant cited his risk of 0 on the Probation Risk Index (Doc. 30 at 11); his actual risk on that assessment was 2. According to the Probation Office, however, sex offenders generally score low on this assessment tool. Accordingly, a score of 2 may not indicate actual low risk.

supervision from the probation office, and also to protect vulnerable children in the community.

Recognizing the need for significant terms of supervised release for sex offenders, 18 U.S.C. § 3583(k) requires a minimum term of supervised release of five years in child exploitation cases. This is because "Congress explicitly recognized the high rate of recidivism in convicted sex offenders." *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir. 2008). The minimum term is more than a year longer than the defendant has served to date.

At the sentencing hearing, after considering the facts, the arguments of counsel, and the factors under 18 U.S.C. § 3553(a), the Court purposefully imposed a ten-year term of supervised release on the defendant. In the absence of extraordinary circumstances or some special hardship, the Court's decision should not be disturbed. As succinctly expressed by the Honorable Judge Hodges in denying a motion for early termination of supervised release by a criminal defendant:

> A period of supervised release, as a criminal sanction, is a lenient but nonetheless punitive sentence designed in part to serve the interests of retribution, as well as specific deterrence. Ordinarily, therefore, the mere fact that a Defendant has adjusted well and has complied with the terms and conditions of supervised release affords no justification for early termination; some special hardship should be shown that has the effect of rendering the sentence more punitive or more

> onerous than contemplated by the Court at the time of imposition.

*United States v. Perez*, Case No. 5:96-cr-17-Oc-10GRJ, Doc. 124 (unpublished).

In this case, the defendant's request for early termination is wholly insufficient to justify the relief sought. The defendant has failed to prove any "special hardship" that justifies the relief sought. To the extent that the defendant argues in his other motions that the restrictions of supervised release impose a hardship, these hardships are a necessary part of supervising the defendant and protecting the public. *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (holding that a condition of supervised release is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights). When weighed against the defendant's past conduct and his sexual interest in children, the restriction imposed on him cannot be viewed as "special hardships," and Cordero's supervised release conditions are certainly not more punitive than originally contemplated by the sentencing Court.

Moreover, to the extent that the defendant is doing well on supervised release, this is precisely because he is on supervision and under treatment. Terminating that supervision now would pose great risks to the defendant and the community.

The defendant's citations to other cases where supervision was terminated early (Doc. 24 at Ex. 1) does not change this analysis. The majority

of those cases involved persons who had served significantly longer terms than did the defendant and where the Probation Office did not oppose early termination. Here, in contrast, the defendant has served less than half of the term imposed by the Court and the Probation Office opposes termination.

## Conclusion

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion for early termination of his supervised release.

U.S. v. Jose Miguel Cordero          Case No. 8:12-cr-501-T-35AEP

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Adam Tanenbaum, Esq.

*/s/ Jennifer L. Peresie*
JENNIFER L. PERESIE
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail:    jennifer.peresie@usdoj.gov

*T:\\_Cases\Criminal Cases\C\Cordero, Jose_2017TEMP_JLP\p_oppn to motion to terminate sup release.docx*